NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JACOB BURNO, | Civil No. 11-6554 (DMC) |
| Plaintiff, | |
| v. | OPINION |
| KENNETH KOLICH, et al., | |
| Defendants. | |

APPEARANCES:

    JACOB BURNO, #251106, Plaintiff Pro Se
    Hudson County Correctional Facility
    35 Hackensack Ave.
    Kearny, NJ 07032

**CAVANAUGH, District Judge**:

Plaintiff, Jacob Burno, who is currently incarcerated at Hudson County Correctional Facility ("HCCF"), seeks to bring this action in forma pauperis pursuant to 28 U.S.C. § 1915, asserting violation of his rights under 42 U.S.C. §1983, against Sgt. Kenneth Kolich, Detective Scott Jeffery, and Detective Angel Pastrana. This Court will grant Plaintiff's application to proceed in forma pauperis. See 28 U.S.C. § 1915(b). Having reviewed Plaintiff's allegations, as required by 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, this Court will dismiss the Complaint.

**I. BACKGROUND**

Jacob Burno brings this Complaint against Sgt. Kenneth Kolich, Detective Scott Jeffery, and Detective Angel Pastrana, alleging violation of his constitutional rights under 42 U.S.C. § 1983. The entire body of the Complaint consists of the following:

JURISDICTION

Plaintiff is suing United States officers.

CAUSE OF ACTION

Defendant(s) violated plaintiffs fifth amendment rights by obtaining a statement illegally also in violation of plaintiffs Miranda rights.

DEMAND

$4 million awarded as punitive damages.

(Dkt. 1 at 1.)

On October 3, 2007, while incarcerated at HCCC, Jacob Burno filed a prior complaint against Kolich, Jeffery, and Pastrana. See Burno v. Kolich, Civ. No. 07-4863 (FSH) (D.N.J. filed Oct. 3, 2007). In that complaint, he claimed that on December 20, 2005, Sgt. Kenneth Kolich, Det. Angel Pastrana, and Det. Scott Jeffery interrogated him at homicide headquarters located in Jersey City, New Jersey, and that, although he invoked his right to remain silent, the officers disregarded his constitutional rights and he made an incriminating statement. Id. He further alleged that "[he] had a Miranda Hearing and was denied based on the Judge's decision. An appeal has been put in and I have not received the results from the appeal." Id., Am. Complaint, ¶ 5.) On February 4, 2008, Judge Hochberg dismissed that complaint because Burno did not allege facts showing that an incriminating statement taken in violation of Miranda was used against him to obtain a conviction in a criminal trial. Id., Opinion at 6.

## II. STANDARD OF REVIEW

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a District Court to screen a complaint in a civil

action in which a plaintiff is proceeding in forma pauperis or a prisoner is seeking redress against a government employee or entity, and to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A.

Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), hammered the "final nail-in-the-coffin" for the "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957),[1] which was previously applied to determine if a federal complaint stated a claim. See Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009). To survive dismissal under Iqbal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Iqbal, 129 S. Ct. at 1949 (citation omitted). Officials may not be held liable under § 1983 for the unconstitutional misconduct of their subordinates. Id. at 1948-49. Rather, the facts set forth in the complaint must show that each government-official defendant, through the official's own individual actions, has violated the plaintiff's constitutional rights. Id. This Court must disregard labels, conclusions, legal arguments, and naked assertions. Id. at 1949. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops

---

[1] The Conley court held that a district court was permitted to dismiss a complaint for failure to state a claim only if "it appear[ed] beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. at 45-46.

short of the line between possibility and plausibility of entitlement to relief", and will be dismissed. Id. (citations and internal quotation marks omitted).

The Third Circuit instructs that, to determine the sufficiency of a complaint under the pleading regime established by Iqbal,

> a court must take three steps: First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Iqbal, 129 S. Ct. at 1947. Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 1950. Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." Id.

Santiago v. Warminster Township, 629 F. 3d 121, 130 (3d Cir. 2010); see also Fowler v. UPMC Shadyside, 578 F.3d 203, 210-211 (3d Cir. 2009) ("a complaint must do *more than allege the plaintiff's entitlement to relief.* A complaint has to "show" such an entitlement with its facts") (emphasis supplied). The Court is mindful, however, that the sufficiency of this pro se pleading must be construed liberally in favor of the plaintiff, even after Iqbal. See Erickson v. Pardus, 551 U.S. 89 (2007).

### III. DISCUSSION

A court's initial task is to "tak[e] note of the elements [Plaintiff] must plead" in order to state a claim of liability under 42 U.S.C. § 1983. See Iqbal, 129 S Ct. at 1947-48. Section 1983 of Title 28 of the United States Code provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and

4

>laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements: (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

Plaintiff contends that "Defendant(s) violated plaintiffs fifth amendment rights by obtaining a statement illegally also in violation of plaintiffs Miranda rights." (Dkt. 1 at 1.) Iqbal requires this Court to disregard this allegation because it is conclusory. See Iqbal, 129 S. Ct. at 11949 ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement") (citations and internal quotations omitted). Even if Plaintiff's Complaint had substantiated his conclusory statement with non-conclusory factual allegations, the Complaint would be subject to dismissal, however, because "questioning a plaintiff in custody without providing Miranda warnings is not a basis for a § 1983 claim as long as the plaintiff's statements are not used against [him] at trial," Renda v. King, 347 F.3d 550, 557-58 (3d Cir. 2003); see also Chavez v. Martinez, 538 U.S. 760 (2003), and Plaintiff does not assert that his statement was used against him at trial to obtain a criminal conviction. See Renda, 347 F.3d at 559. This Court will accordingly dismiss the Complaint for failure to state a claim under § 1983. This Court will, however, grant Plaintiff leave to file an amended complaint because it is

not inconceivable that Plaintiff may be able to allege facts showing that a statement which was taken in violation of Miranda was used against him at trial to obtain a criminal conviction.

## IV. CONCLUSION

Based on the foregoing, this Court will grant in forma pauperis status and dismiss the Complaint.

_____
DENNIS M. CAVANAUGH, U.S.D.J.

Dated: __11/17__, 2011

6